UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, and Matt Fairbanks as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>      Plaintiffs,<br><br>vs.<br><br>Walker Sign Holdings Inc. d/b/a Lawrence Sign and LS Inc. d/b/a Lawrence Sign,<br><br>      Defendant. | Civil File No. _____<br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.   The Plaintiffs are James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, and Matt Fairbanks as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2.   As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor Agreement as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor Agreement. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor Agreement.

1

3. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4. Defendants Walker Sign Holdings Inc. and LS. Inc. are Minnesota business corporations doing business as Lawrence Sign ("Defendants collectively referred to as "Lawrence Sign"). Lawrence Sign has a registered address and principal place of business as 945 Pierce Butler Route, St. Paul, Minnesota 55104. Lawrence Sign is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5. This is an action by fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

7. The Plaintiffs re-allege and incorporate by reference paragraphs 1-6 herein.

8. Lawrence Sign is currently bound to two collective bargaining agreements negotiated between it and the Sheet Metal Workers' International Association ("CBAs").

9. The CBAs have a term of February 1, 2016 through January 31, 2018.

10. The CBAs require Lawrence Sign to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the CBAs for each hour worked by its employees covered by the CBAs.

11. The CBAs incorporate by reference the Declarations of Trust ("Trust Agreements") for the benefit funds to which the CBAs require Lawrence Sign to submit contributions to.

12. 29 U.S.C. § 1059 requires employers such as Lawrence Sign to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

13. If Lawrence Sign fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Lawrence Sign is liable for all of the hours worked by that individual for whom Lawrence Sign is unable to produce satisfactory records verifying the type of work being performed by that individual.

14. The Trust Agreements require Lawrence Sign to submit the monthly contributions by a date certain each month and provide that any contributions not submitted by this date is delinquent.

15.     The Trust Agreements state that delinquent employers are subject to a liquidated damages assessment is the contribution payment is delinquent.

16.     The Trust Agreements state that a delinquent employer must pay interest charges on delinquent contributions.

17.     The Trust Agreements state that the reasonable costs and attorneys' fees incurred by the Plaintiffs in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

## **COUNT I**
## **Breach of Contract /Failure to Remit Contributions-Report Amount Due Under ERISA and the LMRA**

18.     The Plaintiffs re-allege and incorporate by reference paragraphs 1-17 herein.

19.     Lawrence Sign breached the terms of the CBAs and Trust Agreements by failing to timely submit the contributions due and owing for the month of December 2017.

20.     Based on information submitted to the Plaintiffs by Lawrence Sign owes $50,696.81 for unpaid contributions for the month of December 2017.

21.     Upon information and belief, Lawrence Sign continues to employ individuals performing work covered by the CBAs.

22.     Lawrence Sign is liable to the Plaintiffs for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Lawrence Sign is unable to produce satisfactory records verifying the type of work performed by any such individuals.

23. Every month, until this matter is resolved either through dismissal or judgment, Lawrence Sign will be obligated to remit payment for the contributions due pursuant to the hours disclosed.

24. If Lawrence Sign fails to remit contributions during the pendency of this litigation, the Plaintiffs will not have an adequate means of verifying the proper amounts due and owing for contributions, nor will they have adequate means of ascertaining the proper allocation of such contributions to Lawrence Sign's employees.

25. In the absence of this Court's order as requested, the Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

26. Lawrence Sign should be enjoined from further refusal and failure to remit contributions.

27. Pursuant to the CBAs and Trust Agreements, Lawrence Sign is liable to the Plaintiffs for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred in enforcing their rights and collecting the amounts due.

28. Pursuant to the CBAs and Trust Agreements, Lawrence Sign is liable for interest on the unpaid contributions and liquidated damages relating to the December 2017 contributions and any other month that becomes due and owing during the pendency of this litigation.

## COUNT II
### ERISA Damages

29. The Plaintiffs re-allege and incorporate by reference paragraphs 1-28 herein.

30. The Plaintiffs are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

31. The Plaintiffs are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

32. The Plaintiffs are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against the Defendants Walker Sign Holdings Inc. d/b/a Lawrence Sign and LS Inc. d/b/a Lawrence Sign, as follows:

1. For judgment in the amount of $50,696.81 for delinquent contributions for the month of December 2017.

2. For an order requiring the Defendants to disclose to the Plaintiffs all hours worked by its employees during the pendency of this litigation.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing during the pendency of this litigation, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date: February 15, 2018

MCGRANN SHEA CARNIVAL
  STRAUGHN & LAMB, CHARTERED

By  s/ Amy L. Court
    Carl S. Wosmek #300731
    Amy L. Court #319004
    Christy E. Lawrie # 388832
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*

885012.DOCX